UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

WAYNE H. NORMAN,

Plaintiff,

v.                                                                                    Civil No. 3:12-CV-128-B

EXPERIAN INFORMATION SOLUTIONS, INC., and JULIE HAMOS,

Defendants.

# BRIEF IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL FOR DEFENDANT EXPERIAN SOLUTIONS, INC.

TO THE HONORABLE JUDGE JANE J. BOYLE:

## PROCEDURAL HISTORY OF THE CASE

Before the Court is Plaintiff's Motion to Disqualify Defendant's Counsel. Procedurally, Plaintiff filed a Complaint in this action on or about January 13th, 2012, against Defendant Experian Information Solutions, Inc., and Julie Hamos, alleging that Defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"). Plaintiff alleges that Defendant ("Experian") by and through its counsel, improperly accessed and used his credit report for purposes not permitted under the FCRA.

## STATEMENT OF FACTS

The chronological facts relating to the Motion derive from the involvement of attorneys from the DAY/JONES firm as both witness, and advocates.  On June 15th, 2012, Plaintiff received a settlement letter from Defendant's counsel Katherine Lyons.  Within the settlement letter was a copy of Plaintiff's credit report dated June 7th, 2012. Report number 1131-3177-77.  Plaintiff emailed Katherine Lyons advising her that she did not have a permissible purpose to obtain his credit report pursuant ("FCRA") 15 USC section 1681b. Plaintiff also advised counsel that he would be filing a motion to disqualify her as well as anyone else in the firm that submitted information to Experian to obtain such report.  On June 19th, 2012, the Defendant, by and through its attorney Katherine Lyons advised Plaintiff that they had a permissible purpose under 1681b because:

> A consumer reporting agency under the FCRA can only be liable under the "permissible purpose" framework for furnishing a credit report to a third party without a permissible purpose. See § 1681a, b.

Plaintiff disagrees with this assertion.

## STATEMENT OF QUESTION INVOLVED

1. Should attorneys from the firm of DAY/JONES be disqualified from representing the Defendant under L.R. 83.8(2)(b)(3)&(4)?

[Plaintiff suggests an Answer in the affirmative]

# ARGUMENT AND AUTHORITIES

## I. THE FIRM OF DAY/JONES SHOULD BE DISQUALIFIED PURSUANT TO L.R. 83.8(2)(b)(3)&(4) FROM REPRESENTING EXPERIAN INFORMATION SOLUTIONS, INC. IN THE ABOVE CAPTIONED MATTER.

At issue is whether attorneys with Defendant, Experian Information Solutions, Inc., should be disqualified pursuant to L.R. 83.8(2)(b)(3)&(4) from representing the Defendant in the above captioned matter. The merits of the matter arise under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and allege that the DAY/JONES firm unlawfully accessed and used Plaintiff's consumer information from a consumer reporting agency in violation of the FCRA. Plaintiff further contends that upon information and belief, attorneys within DAY/JONES Law firm used false pretenses to access his consumer file by falsely certifying to a consumer reporting agency that it had a permissible purpose, and that the Law Firm acted willfully.

The acts of DAY/JONES Law firm's members and employees are directly at issue. The willfulness issues will require examining if Defendant acted in "reckless disregard" of whether its policy "contravenes a [consumer's] rights" or "knowingly

and intentionally committed an act in conscious disregard for the rights of others." *Cushman v. Trans Union Corp.*, 115 F.3d 220, 227 (3d Cir. 1997).

These issues require discovery into DAY/JONES's practices and policies as a whole in the access and use of consumer reports, training and oversight of personnel, other incidents of similar violations and attempts made to determine if its practices comply with the FCRA. The issues require examination of the attorneys and staff, management and non-management employees. The conduct of the firm as a whole is relevant.

## II. CONFLICTS

Plaintiff contends that under the rules of the Court "If an attorney for any party becomes a witness on behalf of a client and gives evidence upon the merits of the case the attorney shall forthwith withdraw as trial counsel unless, upon motion, permitted to remain as trial counsel by the court."

## III. THE FAIR CREDIT REPORTING ACT SECTION 1681b

The ("FCRA") 15 USC 1681b states:

**In general**
Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:
(1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury.
(2) In accordance with the written instructions of the consumer to whom it relates.

4

**(3)** To a person which it has reason to believe—
**(A)** intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
**(B)** intends to use the information for employment purposes; or
**(C)** intends to use the information in connection with the underwriting of insurance involving the consumer; or
**(D)** intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or
**(E)** intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation; or
**(F)** otherwise has a legitimate business need for the information—
**(i)** in connection with a business transaction that is initiated by the consumer; or
**(ii)** to review an account to determine whether the consumer continues to meet the terms of the account.

Courts have routinely ruled that trial preparation does not fall within the scope of § 1681b. *See Mone,* 945 F.2d at 308; *Houghton,* 795 F.2d at 1149; *see also Allen v. Calvo* 832 F.Supp. 301, 303 (D.Or.1993) (finding that § 1681b does not permit a party to obtain a consumer report in connection with a criminal investigation and prosecution). In the limited instances where courts have allowed parties to obtain consumer reports pursuant to § 1681b(3)(E) for use in litigation, **the legal dispute has related to the collection of a debt owed by the consumer.**

In *Allen v. Kirkland & Ellis,* for example, a district court permitted a law firm to obtain a consumer report to prepare for litigation over funds owed to its client. *See Allen v. Kirkland & Ellis,* No 91-c-8271, 1992 WL 206285 at *2

(N.D.Ill. Aug. 17, 1992); *see also* Zeller v. Samia, 758 F.Supp. 775 (D.Mass.1991). In finding that § 1681b(3)(E) applied, the *Allen* court emphasized, "The legal dispute which justified Kirkland & Ellis' request for plaintiff's credit report related to the collection of an alleged business debt. A different result may have been reached if the report had been acquired in connection with litigation that did not involve liability for a commercial obligation deriving from a business transaction between the parties." *Id.* at *3 n. 4. This interpretation of § 1681b(3)(E) comports with the rule of ejusdem generis. So long as the lawsuit involves the collection of a debt, the attorney is likely to procure the consumer report for a purpose analogous to those enumerated in § 1681b. *See* § 1681b(3)(A) (permitting reports to be obtained "in connection with a credit transaction involving the ... collection of an account."). As a lawsuit moves outside the realm of debt collection, however, it is less likely — although not altogether impossible — that an attorney will obtain the report for a purpose that is within the purview of § 1681b. *Cf. Spence,* 92 F.3d at 383.

Plaintiff contends that the Law Firm of DAY/JONES did not have a permissible purpose pursuant to section 1681b of the FCRA to obtain his consumer credit file. Plaintiff's Complaint against the Defendant does not involve a collection of an alleged debt. In addition, upon information and belief, Plaintiff has reason to believe that his consumer file was obtained by one or more individuals of the Law

6

firm of DAY/JONES by **falsely certifying to a consumer reporting agency that it had a permissible purpose,** violating section 1681q of the FCRA, and therefore should be disqualified from representing the Defendant in the above styled case.

## CONCLUSION

This case presents a compelling reason for disqualification. Commitment of this matter to the district court's discretion means that the court should disqualify an attorney only when it determines, on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule. It should consider the ends that the disciplinary rule is designed to serve and any countervailing policies, such as permitting a litigant to retain the counsel of her choice and enabling attorneys to practice without excessive restrictions. *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980) (citations omitted).

Plaintiff contends that upon information and belief, attorney Katherine Lyons, and other members of the Law Firm of DAY/JONES falsely certified to a consumer reporting agency that it had a permissible purpose to obtain Plaintiff's consumer credit file, and obtaining Plaintiff's consumer credit file during litigation without a permissible purpose. Violating the ("FCRA") sections 1681b, and 1681q.

WHEREFORE, Plaintiff prays that the Motion be GRANTED.

Respectfully submitted,

By:/s/Wayne H. Norman

Wayne H. Norman

1001 Brook Hollow Drive

Euless, Texas 76039

(682) 241-8688

## CERTIFICATE OF SERVICE

I certify that on June 19th, 2012, a true and correct copy of the foregoing document was served on Defense counsel vial ECF.

Katherine J. Lyons
**JONES DAY**
2727 N. Harwood Street
Dallas, Texas 75201
**ATTORNEY FOR DEFENDANT**
**EXPERIAN INFORMATION SOLUTIONS, INC.**

Respectfully submitted,
By:/s/Wayne H. Norman
Wayne H. Norman
1001 Brook Hollow
Euless, Texas 76039
whnorman@hotmail.com
(682) 241-8688