UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WAYNE H. NORMAN, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-CV-128-B |
| | § | |
| EXPERIAN INFORMATION | § | |
| SOLUTIONS, INC., and JULIE | § | |
| HAMOS, in her individual and official | § | |
| capacity as Director of THE ILLINOIS | § | |
| DEPARTMENT OF | § | |
| HEALTHCARE/FAMILY SERVICES, | § | |
| | § | |
|    Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Experian Information Solutions, Inc.'s Motion for Summary Judgment (doc. 84) and Plaintiff Wayne H. Norman's Motion for Partial Summary Judgment (doc. 83). For the reasons stated below, Defendant Experian Information Solutions, Inc.'s Motion is **GRANTED**, Plaintiff's Motion is **DENIED**, and the Court sua sponte **GRANTS** summary judgment in favor of Defendant Julie Hamos.

### I.

### BACKGROUND[1]

Plaintiff Wayne H. Norman, proceeding *pro se*, is suing Defendant Experian Information Solutions, Inc. ("Experian") and Defendant Julie Hamos, in her individual and official capacity as

---

[1] The Court takes its factual account from the uncontested facts contained in the summary judgment record. Any contested fact is identified as the allegation of a particular party.

Director of the Illinois Department of Health and Family Services ("IDHFS") under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x. Generally, Norman alleges that Hamos and Experian violated the FCRA by respectively furnishing and reporting inaccurate information in his credit report related to two delinquent child support accounts. Norman was ordered to pay $140 in monthly child support to Ms. Evelyn Wilborn in March 1991 (account V140419R) and $229.50 in monthly child support to Ms. Anquenette Davis in November 1993 (account UC5424R). Norman ultimately stopped paying both child support accounts. Norman's last payment for account V140419R was in February 2003 and his last payment for account UC5424R was in May 2002. Doc. 86, Def. App. 53-54; Pl. Am. Comp. ¶¶ 11, 12.

Experian provides evidence that Norman first contacted Experian on July 11, 2008 to dispute the two child support accounts, as well as four other accounts. Doc. 86, Def. App. 75 (Scott Aff.). Experian initiated a reinvestigation and sent IDFHS an Automated Consumer Dispute Verification form for each account. *Id.* IDFHS responded and confirmed that Norman was delinquent in the amount of $19,541 for account V140419R and $24,275 for account UC5424R. Doc. 85, Def. App. 5-6. Experian sent the results of the reinvestigation to Norman.

Norman contacted Experian again in April 2010 to request reinvestigation of nineteen separate accounts on his credit report, including the two child support accounts that are the subject of this suit. Experian again sent IDFHS an Automated Consumer Dispute Verification form for each account. IDFHS confirmed Norman was delinquent in the amount of $19,541 for account V140419R and $24,275 for account UC5424R. Doc. 85, Def. App. 3-4. Norman received Experian's response to this dispute in May 2010. Doc. 87-1, Pl. Resp. 2. Norman alleges, without providing

summary judgment evidence, that he sent Experian two more dispute letters containing new information and that Experian ignored both as frivolous or irrelevant. *Id.* at 2-3.

IDFHS reported both child support accounts until February 14, 2011 when it voluntarily stopped reporting those accounts. Doc. 86, Def. App. 64. IDFHS began re-reporting account V140419R as of February 15, 2012. IDFHS is still not reporting account UC5424R. Doc. 86, Def. App. 62-64.

Norman filed the instant lawsuit against original Defendants Experian and IDFHS, alleging violations of the FCRA. Defendant IDFHS moved to dismiss on sovereign immunity grounds (doc. 20). In response, Norman filed his Second Amended Complaint (doc. 24), which replaced IDFHS with IDFHS Director Julie Hamos in her individual and official capacity. Hamos was served but has yet to appear and the Clerk has filed an Entry of Default against Hamos (doc. 50). The operative pleading in this case is Norman's Second Amended Complaint filed on March 2, 2012 (doc. 24).

Norman filed a Motion for Partial Summary Judgment (doc. 83), asking the Court to hold Experian liable for violating 15 U.S.C. § 1681i(a)(2)(A) by failing to send a notice of dispute to IDFHS after receiving the two dispute letters that Experian ignored as frivolous. Experian filed a Motion for Summary Judgment (doc. 84) as to all of Norman's claims directed at Experian. Both Motions have been fully briefed and are ripe for consideration.

## II.

## LEGAL STANDARDS

A.   *Summary Judgment*

Federal Rule of Civil Procedure 56(a) provides summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The substantive law governing a matter determines which facts are material to a case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The summary judgment movant bears the burden to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs*, 919 F.2d 301, 303 (5th Cir. 1990). However, if the non-movant ultimately bears the burden of proof at trial, the summary judgment movant may satisfy its burden by pointing to the mere absence of evidence supporting the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Once the summary judgment movant has met this burden, the non-movant must "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (citing *Celotex*, 477 U.S. at 325). In determining whether a genuine issue exists for trial, the court will view all of the evidence in the light most favorable to the nonmovant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000). But the non-movant must produce more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the non-movant is unable to make such a showing, the court must grant summary judgment. *Little*, 37 F.3d at 1076.

B.   *Pro Se Litigants*

The Court recognizes that Plaintiff is a *pro se* litigant. In *Bookman v. Shubzda*, the district court noted that "[a]lthough a *pro se* litigant's response to a motion for summary judgment must be read liberally, she is not, as the party with the burden of proof, excused from the requirement that she set forth specific facts supporting her claim." 945 F. Supp. 999, 1004 (N.D. Tex. 1996) (citations omitted). While this Court often exercises its discretion in accommodating *pro se* litigants, "[t]here is a point at which even *pro se* litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention." *Id.* at 1005. With that caveat, the Court now addresses the merits of the Motions before the Court.

## III.

## ANALYSIS

A.   *Fair Credit Reporting Act Overview*

The purpose of the Fair Credit Reporting Act ("FCRA") is to "require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C § 1681(b). "The [FCRA] imposes civil liability on any 'person' (which includes any corporation or other entity, 15 U.S.C. § 1681a(b)) who willfully, § 1681n, or negligently, § 1681o, fails to 'comply with any requirement imposed' under the Act." *Ausherman v. Bank of America Corp*, 352 F.3d 896, 899 (4th Cir. 2003) (quoting 15 U.S.C. §§ 1681n, 1681o).

Norman alleges that Experian violated the FCRA compliance procedures contained in 15 U.S.C. § 1681e(b) by "repeatedly failing to establish or to follow reasonable procedures to assure

maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff." Doc. 24, Pl. Sec. Am Comp. ¶ 26. Norman's second claim alleges Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information, failing to conduct a reinvestigation, failing to forward all relevant information to IDHFS, failing to maintain reasonable verification procedures, and by relying upon verification from a known unreliable source. *Id.* ¶ 31.

The FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). In order to state a cause of action under 15 U.S.C. § 1681e(b), Norman must establish that (1) inaccurate information was included in his credit report; (2) the inaccuracy was due to Experian's failure to follow reasonable procedures to assure maximum possible accuracy; (3) Norman suffered injury; and (4) his injury was caused by the inclusion of the inaccurate entry. *See Waggoner v. Trans Union, LLC*, 2003 WL 22220668, at *6 (N.D. Tex. July 17, 2003); 15 U.S.C. § 1681e(b).

Norman's second claim is brought pursuant to 15 U.S.C. § 1681i which requires consumer reporting agencies to conduct a reasonable reinvestigation if a consumer disputes the completeness or accuracy of an item of information in the consumer's file. 15 U.S.C. § 1681i. To prove his claim under Section 1681i, Norman must establish that (1) he disputed the completeness or accuracy of an item of information contained in his consumer file at Experian and notified Experian directly of that dispute; (2) Experian did not reinvestigate free of charge and either record the current status of the disputed information or delete the item from the file in the manner prescribed by Section 1681i(a)(5) within the statutory period; (3) Experian's noncompliance was negligent or willful; (4) Norman suffered injury; and (5) Norman's injury was caused by Experian's failure to reinvestigate

and record the current status of the disputed information or delete the item from the file. *See Waggoner*, 2003 WL 22220668, at *9; 15 U.S.C. § 1681i.

To succeed under either Section 1681e(b) or Section 1681i, Norman "must prove that his consumer reports included inaccurate information." *Johnson v. Trans Union, LLC*, No. 10-C-6960, 2012 WL 983793, at *5 (N.D. Ill. Mar. 22, 2012), *aff'd*, 12-2083, 2013 WL 1395906 (7th Cir. Apr. 8, 2013); *Washington v. CSC Credit Services Inc.*, 199 F.3d 263, 267 n.3 (5th Cir. 2000) ("In order to pursue a cause of action based upon a willful or negligent violation of 15 U.S.C. § 1681e(b), the report sought to be attacked must be inaccurate."); *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 67 (1st Cir. 2008) ("[T]he weight of authority in other circuits indicates that without a showing that the reported information was in fact inaccurate, a claim brought under § 1681i must fail.").

B.   *Experian's Motion for Summary Judgment*

Both of Norman's claims rely on the proposition that each child support delinquency is more than seven years old and is therefore obsolete and inaccurate under the FCRA. Experian argues that under Illinois law each missed child support payment is treated as a new judgment against Norman. Thus, according to Experian, IDFHS is furnishing and Experian is reporting on a new judgment each month Norman fails to pay on the child support accounts. Experian contends the child support accounts at issue are not obsolete, and therefore not inaccurate, so Norman's claims must fail as he cannot establish an inaccurate entry on his credit report. Norman admits his delinquency and the fact he has not paid in over eight years on either account. In opposition he argues (1) that Tennessee law, not Illinois law should apply, (2) that his date of first delinquency was over seven years ago and, therefore, Experian may no longer report the child support accounts under 15 U.S.C. § 1681c(a)(4),

and (3) that the consumer protection goals of the FCRA will be defeated if Experian is allowed to report the obsolete child support accounts.

1.      Choice of Law

Norman first argues that Tennessee law, not Illinois law, should apply because the original orders of support were ordered by a Shelby County Court in Tennessee.[2] Norman states, without citing Tennessee law, that Tennessee law does not treat each month of delinquent child support as a new judgment as does Illinois. Therefore, according to Norman, the child support accounts are obsolete under Tennessee law and therefore inaccurate. Doc. 87-1, Pl. Resp. 9-10.

Federal law mandates how child support orders from one state are to be enforced in another state. The Full Faith and Credit for Child Support Orders Act, 28 U.S.C.A. § 1738B, instructs that the appropriate authorities of each state "shall enforce according to its terms a child support order made consistently with this section by a court of another state." 28 U.S.C.A. § 1738B(a). The choice of law provision of the Full Faith and Credit for Child Support Orders Act states that "[i]n a proceeding to . . . enforce a child support order, the forum State's law shall apply except as provided in paragraphs (2) and (3)." 28 U.S.C.A. § 1738B(h)(1). Paragraph two applies to the duration of current payments or other obligations and paragraph three contemplates the statute of limitations. 28 U.S.C.A. § 1738B(h). "In an action to enforce arrears under a child support order, a court shall apply the statute of limitation of the forum State or the State of the court that issued the order, whichever statute provides the longer period of limitation." 28 U.S.C.A. § 1738B(h)(3).

---

[2]Norman alleges, without citing to any summary judgment evidence, that the child support orders were entered in Tennessee.

Here, according to the choice of law provision contained in 28 U.S.C.A. § 1738B(h)(1), the Court concludes that Illinois law applies to the enforcement of the child support order, as Illinois is Norman's state of residence and as such is the forum state for enforcement of the child support orders. *See* 28 U.S.C.A. § 1738B(h)(1).

Under  Under Illinois law, a child support order is:

> deemed to be a series of judgments against the person obligated to pay support thereunder, each such judgment to be in the amount of each payment or installment of support and each such judgment to be deemed entered as of the date the corresponding payment or installment becomes due under the terms of the support order.

750 Ill. Comp. Stat. 5/505(d)(West 2013). In other words, each missed child support payment is deemed a new judgment as it becomes due under the support order. *Id.* An unpaid arrearage or delinquency is not extinguished at the order termination date or the child's age of majority. 750 Ill. Comp. Stat. 5/505(g-5)(West 2013).

> The periodic amount required to be paid for current support of that child immediately prior to the [termination] shall automatically continue to be an obligation, not as current support but as periodic payment toward satisfaction of the unpaid arrearage or delinquency. . . . The total periodic amount to be paid toward satisfaction of the arrearage or delinquency may be enforced and collected by any method provided by law for enforcement and collection of child support.

*Id.*

Norman admits he has not paid toward either of the child support accounts at issue since 2003. Doc. 85-1, Def. App. 52-53 (Norman Interrog. Resp.). Experian provides evidence that the V140419R account is delinquent in the amount of $19,541 and the UC5424R account is delinquent in the amount of $24,275. Doc. 85-1, Def. App. 75 (Scott Aff.); Doc. 86,Def. App. 12-13. Thus, under Illinois law, Norman continues to be assessed his monthly support obligation and Illinois will

continue to assess this each month until his arrearages are satisfied, regardless of the children's age or the end date of the support order. *See* 750 Ill. Comp. Stat. 5/505(g-5). Under Illinois law, each missed payment constitutes a new judgment against Norman. *See* 750 Ill. Comp. Stat. 5/505(d).

    2.    <u>Accuracy of Child Support Accounts</u>

Norman argues that information from the child support accounts must be excluded from his consumer report based on 15 U.S.C. § 1681c(a)(4). Section 1681c(a)(4) excludes from inclusion in a credit report "accounts placed for collection or charged to profit and loss which antedate the report by more than seven years." Norman provides no evidence that the accounts have been placed for collection or charged to profit and loss, nor has he shown that under the applicable law the accounts antedate the report by seven years or more. But more importantly, child support accounts are not subject to exclusion under Section 1681c(a)(4) because Section 1681s-1 mandates that a credit reporting agency report child support information "[n]otwithstanding any other provision of this subchapter." 15 U.S.C. § 1681s-1. Thus, Section 1681s-1 is applicable to Norman's child support accounts, not Section 1681c(a)(4).[3]

FCRA Section 1681s-1, entitled "Information on overdue child support obligations," is a provision to aid states in the collection of unpaid child support. "Notwithstanding any other provision of this subchapter, a consumer reporting agency shall include in any consumer report . . . any information on the failure of the consumer to pay overdue support which is provided to the

---

[3] For this reason, Norman's new evidence, submitted in document 93 to bolster his contention of obsolescence and inaccuracy under Section 1681c(a)(4), is immaterial because the account at issue is a child support account and is governed by Section 1681s-1, not Section 1681c(a)(4).

Case 3:12-cv-00128-B   Document 100   Filed 04/25/13   Page 11 of 14   PageID 774

consumer reporting agency by a State or local child support enforcement agency . . . and antedates the report by 7 years or less." 15 U.S.C. § 1681s-1.

In the present case Experian *must* report any information furnished by IDFHS, a child support enforcement agency within Section 1681s-1, regarding Norman's delinquent child support accounts so long as the information does not antedate the report by 7 years or more. *See id.* As discussed above, Norman's delinquencies do not antedate the reports at issue by more than seven years because under Illinois law each missed payment is deemed a new judgment against Norman. Because IDFHS is furnishing a new judgment for each missed payment and such judgments do not antedate the report by more than seven years, the Court concludes that the child support accounts are accurate as reported by Experian.

3.  Public Policy

Finally, Norman challenges Experian's construction of the FCRA on policy grounds. Doc. 87-1, Pl. Resp. 9-11. Norman contends that if child support obligations are allowed to extend beyond seven years from the date of first deficiency, then the consumer protection afforded by the FCRA is defeated. *Id.* Experian responds that under Norman's interpretation, a non-custodial parent could immediately fail to make child support payments when a child was born and by the child's eighth birthday the delinquency would be cleared from the parent's credit report. Both Illinois' legislature and Congress have made clear that unpaid child support should be reported on a consumer's credit report to encourage payment. *See* 750 Ill. Comp. Stat. 5/505(d); 750 Ill. Comp. Stat. 5/706.3; 42 U.S.C. § 666(a)(7) (mandating that states pass laws to report delinquent child support obligors).

4. <u>Conclusion Regarding Experian's Motion</u>

Norman's only basis for his allegation that Experian reported inaccurate information is the mistaken contention that the accounts are obsolete. Doc. 24, Pl. Sec. Am. Comp. ¶¶ 15, 16, 22, 24. Because Illinois law permits IDFHS to report child support delinquencies as a new judgment each month that payment is not made, and because FCRA Section 1681s-1 requires Experian to report any child support information furnished by IDFHS that does not antedate the report by seven years, the Court concludes that the reported information pertaining to the chid support accounts is up-to-date and accurate. The Court further concludes that Experian cannot be held liable under two FCRA provisions (Section 1681e(b) and Section 1681i) for reporting accurate information that a third FCRA provision (Section 1681s-1) requires Experian to report. *See Johnson*, 2012 WL 983793, at *6.

Norman has failed to establish that his consumer report included inaccurate information, a requirement for his claims under Sections 1681e(b) and 1681i. *See id.* at *5; *Washington*, 199 F.3d at 267 n.3 (Section 1681e(b)); *DeAndrade*, 523 F.3d at 67 (Section 1681i). Summary judgment for Defendant Experian is proper as to each of Norman's FCRA claims and hereby **GRANTED**.

Because summary judgment for Experian is proper as to each alleged substantive violation of the FCRA, Norman's claims for actual, statutory, and punitive damages fail as well. *See* 15 U.S.C. §§ 1681n, 1681o.

C. *Plaintiff's Motion for Partial Summary Judgment*

Plaintiff filed a Motion for Partial Summary Judgment (doc. 83) asking the Court to find that Experian violated 15 U.S.C. § 1681i. For the reasons stated above, namely because Norman has failed to establish that Experian reported inaccurate information, the Court concludes Norman has

not established that Experian violated Section 1681i. *See DeAndrade*, 523 F.3d at 67. Plaintiff's Partial Motion for Summary Judgment is **DENIED**.

D.   *Claims Against Julie Hamos*

Norman's Original Complaint (doc. 3) and First Amended Complaint (doc. 10) named Experian and IDFHS as defendants. IDFHS appeared and filed a Motion to Dismiss on grounds that Norman's Amended Complaint was barred by the State of Illinois' sovereign immunity provided by the Eleventh Amendment. Doc. 21, IDFHS Br. M. Dism. 2. Norman promptly amended his Complaint again, this time dropping IDFHS as a party and adding IDFHS director Julie Hamos, "in her individual and official capacity." Doc. 24, Pl. Sec. Am. Comp. 8. Defendant Hamos has yet to appear, despite being served with process.

Norman requested the Clerk issue an Entry of Default, which the Clerk did enter (doc. 50). Norman has twice moved for Default Judgment against Hamos (docs. 51 and 59). "The entry of default judgment is committed to the discretion of the district judge." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001)(quoting *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)). Based on its discretion, the Court denied both Motions for Default Judgment against Hamos (docs. 52, 59).

Norman alleges that Hamos, as Director of IDHFS, violated FCRA Sections 1681s-2(a)(1)(A) and 1681s-2(a)(1)(B) "by repeatedly allowing her employees to furnish inaccurate and outdated account information relating to Plaintiff." Doc. 24, Pl. Sec. Am. Comp. 8. Norman's allegations are based on the same child support accounts discussed at length above. FCRA Section 1681s-2(a) creates a duty requiring furnishers of consumer information to provide accurate information. To state a claim for violation of Section 1681s-2(a), a plaintiff must establish, *inter alia*, that "the information [provided] is, in fact, inaccurate." 15 U.S.C. § 1681s-2(a)(1)(B)(ii). The Court


concluded above that the child support account information that IDFHS has reported is accurate. Thus, Norman has failed to establish the necessary elements of his claims under Section 1681s-2 against Hamos. Based on this failure, the Court **DISMISSES** all claims against Hamos and grants Norman fourteen (14) days from the date of this order to replead his claims against Hamos.

## IV.

## CONCLUSION

For the reasons stated above, Defendant Experian's Motion for Summary Judgment (doc. 84) is **GRANTED**, Plaintiff's Motion for Partial Summary Judgment (doc. 83) is **DENIED**, and the claims directed at Defendant Julie Hamos are **DISMISSED**. The Court will allow Norman fourteen (14) days from the date of this order to replead his 15 U.S.C. § 1681s-2 causes of action against Hamos.

**SO ORDERED.**

**SIGNED: April 25, 2013.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE